# CIRCUIT COURT OF THE CITY OF ROANOKE

Lakiesha Jones

v.

Melissa Davis

September 24, 2013

Case Nos. CL13-1400 and CL13-1401

By Judge David B. Carson

These matters are on appeal from final Orders of the Roanoke City Juvenile and Domestic Relations District Court ("the Juvenile Court") dated June 19, 2013, in which the Juvenile Court awarded legal and physical custody of Surai and Jaaziah Jones to their biological mother, Lakiesha Jones. For approximately three years before that date, legal and physical custody of Surai and Jaaziah had been with Lakiesha Jones' biological sister, Melissa Davis. Pursuant to Va. Code § 16.1-296, these matters are before the Court for a trial *de novo*. I am consolidating these cases for trial and the following decision.

On August 23, 2013, the parties appeared in person and by counsel and announced they were ready for trial. At the outset of the trial, Melissa Davis, by counsel, moved the Court, pursuant to Va. Code § 20-146.18, to decline to exercise its jurisdiction on the basis that the Roanoke Circuit Court is an inconvenient forum. Without objection, the Court heard evidence on the motion, considered the argument of counsel, and reviewed the memoranda submitted subsequent to the hearing by the parties and the guardian *ad litem*.

In reaching my conclusion, I considered the best interests of each child and all of the factors set forth in Va. Code § 20-146.18 upon which evidence was presented. For the reasons discussed below and subject to the conditions described below, I am granting Melissa Davis' motion and declining to exercise the Court's jurisdiction at this time.

## Relevant Factual Background

Jaaziah Jones (age 7) and Surai Jones (age 4) are the biological children of Lakiesha Jones and Fred Jones. There appears to be no disagreement that the children were severely abused by their father and have significant physical and mental deficits as a consequence of that abuse.

Arising out of the abuse situation, on May 27, 2010, the Juvenile Court entered Orders granting legal and physical custody of the children to Melissa Davis. Melissa Davis, her husband, and their children live and work in Greensboro, North Carolina. Jaaziah and Surai lived with Melissa Davis in Greensboro continuously between at least May of 2010 and June of 2013.

On April 2, 2013, Lakiesha Jones, who lives and works in the Roanoke area, filed motions in the Juvenile Court seeking legal and physical custody of Jaaziah and Surai. Melissa Davis opposed her sister's motions, but, on June 19, 2013, the Juvenile Court entered Orders awarding legal and physical custody of the children to Lakiesha Jones. Melissa Davis timely noted an appeal to this Court.

Based on the evidence presented, I have no difficulty making the following findings of fact. Between May of 2010 and June of 2013, Melissa Davis provided loving and appropriate care to Jaaziah and Surai at her home in Greensboro. Between May of 2010 and June of 2013, Lakiesha Jones made appropriate efforts to visit Jaaziah and Surai in Greensboro. Between May of 2010 and June of 2013, Jaaziah and Surai received extensive medical treatment and therapy from a number of health professionals in and around Greensboro, and, since at least June of 2013, Lakiesha Jones has taken steps to coordinate appropriate medical treatment and therapy for Jaaziah and Surai in the Roanoke area.

## Analysis

As a threshold matter, for a court to decline to exercise its jurisdiction under Va. Code § 20-146.18, the court must first have jurisdiction of the child custody matter at issue. In this case, in accordance with Va. Code § 20-146.13, because the Juvenile Court made an initial custody determination with respect to Jaaziah and Surai and because Lakiesha Jones has continued to live in Virginia, this Court has exclusive, continuing jurisdiction over this case.

Nevertheless, even if a court has jurisdiction over a case such as the one before me, either party, the court, or even a court of another state may move the court the decline to exercise its jurisdiction "if [the court] determines that it is an inconvenient forum . . . and that a court of another state is a more appropriate forum." Va. Code § 20-146.18(A). The Code then identifies a number of factors that a Virginia court must consider in determining whether it is an inconvenient forum and a court of another state is a more convenient

forum. Va. Code § 20-146.18(B). Va. Code § 20-146.18(B) identifies the following factors that a court "shall" take into consideration when ruling on an inconvenient forum motion: whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; the length of time the child has resided outside this Commonwealth; the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction; the relative financial circumstances of the parties; any agreement of the parties as to which state should assume jurisdiction; the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and the familiarity of the court of each state with the facts and issues in the pending litigation.

At the same time, as part of the analysis in determining whether Virginia is an inconvenient forum, the Virginia court must also consider the best interests of the child. *Hale v. Hale*, No. 2016-92-3, 1994 Va. App. LEXIS 35, at *10 (Va. App. Feb. 1, 1994). In evaluating the best interests of the child, the court has broad discretion in the factors it considers and the significance it attaches to those factors. *Id.*

I have considered all of the factors identified in Va. Code § 20-146.18(B) upon which evidence was presented as well as the best interests of Jaaziah and Surai. Though it is admittedly a difficult analysis because both parties have pure hearts and the best interests of the children at the core of their actions, I am most persuaded by Va. Code §§ 20-146.18(B)(2) and (B)(6), which set forth as factors I am to consider "the length of time the child[ren] [have] resided outside this Commonwealth" and "the nature and location of the evidence required to resolve the pending litigation. . . ."

I simply cannot ignore that for over three years, which is essentially all of Surai's life and almost half of Jaaziah's life, Melissa Davis raised and cared for these high-need children out of her home in Greensboro. It is also not disputed that, for over three years, Melissa Davis coordinated and oversaw the children's extensive medical treatment and rehabilitation regimen in and around Greensboro. Specifically, the undisputed evidence indicates that, while under the care of Melissa Davis, the children received care and treatment from neurologists, gastroenterologists, pediatricians, dentists, educators, counselors, social workers, and a pastor. It thus follows, insofar as I am concerned, that those persons best able to provide relevant evidence regarding what is in the best interests of Jaaziah and Surai are those persons and providers in Greensboro who have provided care and treatment to them.

With this conclusion in mind, I thus find that, at this time, the Roanoke Circuit Court is an inconvenient forum for the resolution of this matter, and I further find that an appropriate court in Greensboro, North Carolina, is a more appropriate forum.

Pursuant to Va. Code § 20-146.18(C), once I have determined that the Roanoke Circuit Court is an inconvenient forum and that a court of another state is a more appropriate forum, I must stay the proceedings before me on the condition that the moving party promptly commence a child custody proceeding in the "convenient" forum. Therefore, I will stay the proceedings in this case on the condition that Melissa Davis promptly commence a child custody proceeding in an appropriate court in Greensboro.

As part of my decision in declaring North Carolina to be a more appropriate forum, Va. Code § 20-146.18(C) specifically permits me to impose "any other condition the court considers just and proper." Under the circumstances of this case, I feel it is appropriate to impose two conditions that are an integral part of my decision to stay the proceedings in this Court. Those conditions are as follow. In the interests of all concerned, I feel that in order to be "prompt," Melissa Davis shall commence her custody proceeding in Greensboro within three weeks of the date of this letter, and, in recognition of the expense and inconvenience that Lakiesha Jones necessarily will experience in contesting the custody action in North Carolina, Lakiesha Jones shall be permitted to utilize as substantive evidence in the North Carolina custody action any and all documentation of any kind or description from persons and/or providers who have provided care and/or treatment to Jaaziah and Surai in Virginia. The only limitation shall be that copies of any such documentation that Lakiesha Jones intends to utilize as substantive evidence in the North Carolina custody action be provided to Melissa Davis and/or her counsel at least seven days before the court proceeding at which the documentation is introduced as evidence.

At this time, Melissa Davis' motion that the Court decline to exercise its jurisdiction pursuant to Va. Code § 20-146.18 is granted on the conditions described above.